IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CV-180-FL

| | |
|---|---|
| LENTON CREDELLE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BARBARA GIBSON, State of North ) | |
| Carolina, Human Resources, ERIC A. ) | ORDER |
| HOOKS, North Carolina Department of ) | |
| Public Safety, JOSH STEINS, State of ) | |
| North Carolina, and DENNIS DANIELS, ) | |
| Maury Correctional Superintendent, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motion for more definite statement (DE 36) and motion for clarification (DE 44). For the reasons stated below, defendants' motion for more definite statement is denied and defendants' motion for clarification is denied as moot.

## BACKGROUND

As relevant to the instant motions and as recounted more fully by the court previously, plaintiff proceeding pro se initiated this action on December 27, 2017, filing appropriate fee on January 24, 2018, and submitting official complaint on January 26, 2018, asserting claims of wrongful termination and failure to promote based on unlawful race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and 42 U.S.C. §§ 1981 and 1983. See Brown v. Gibson, No. 4:17-CV-180-FL, 2018 WL 4113339, at *1 (E.D.N.C. Aug. 29, 2018). Plaintiff's allegations appear to be based on events that occurred in

2012 and 2013 when plaintiff worked as a correctional officer at Maury Correctional Institute, a position plaintiff was allegedly wrongfully terminated from on December 31, 2013. (DE 8 at 3).

On June 18, 2018, defendants filed motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). On July 11, 2018, plaintiff filed motions to amend complaint and for extension of time within which to file response to defendants' motion to dismiss. On August 29, 2018, the court granted plaintiff's motion for extension of time to file response, denied plaintiff's motion to amend complaint, granted defendants' motion to dismiss, and dismissed plaintiff's claims without prejudice for lack of subject matter jurisdiction, as barred by the applicable statute of limitations, and for failure to state a claim. The court allowed plaintiff 21 days to file amended complaint if he so chose, "with deference to the court's rulings." Brown, 2018 WL 4113339, at *1.

On September 20, 2018, plaintiff filed amended complaint, which contains within interspersed documents and adds additional defendants and multiple new causes of action. (DE 33). On October 1, 2018, defendants filed the instant motion for more definite statement, requesting the court for order directing plaintiff to provide a more definite statement and file a concise amended complaint. (DE 36). On October 17, 2018, plaintiff filed a "more definite statement," which appears to be in essence the amended complaint filed on September 20, 2018, with the interspersed documents removed, which was docketed as plaintiff's response to defendant's motion for more definite statement. (DE 41). On November 20, 2018, defendants filed the instant motion for clarification "as to whether or not to answer or otherwise respond to the More Definite Statement being served given that it appear[s] to have been treated as Plaintiff's response to Defendant's Motion" for more definite statement. (DE 44 at 3). On December 6, 2018, plaintiff filed response

to defendants' motion for clarification. (DE 45).

## DISCUSSION

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement. Rule 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e). The standard for determining whether to grant a motion for a more definite statement "is whether it is reasonable to require defendants to respond to the . . . complaint ." Gilbert v. Bagley, 492 F.Supp. 714, 749 (M.D.N.C.1980). Rule 12(e) must be read in connection with Rule 8, which sets the minimum pleading requirements. Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 822 (4th Cir.1973). Rule 8(a) requires that a pleading contain 1) "a short and plain statement of the grounds upon which the court's jurisdiction depends"; 2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and 3) "a demand for the relief sought." Fed.R.Civ.P. 8(a). Generally, a pleader need not go beyond the minimum requirements in Rule 8, but Rule 12(e) allows another party to ask for more information when it is necessary to properly respond. The purpose of these relatively low pleading requirements is "to reduce reliance on pleadings to refine the evidentiary basis for a litigant's claim." Hodgson, 482 F.2d at 823.

Furthermore, the federal rules afford a plaintiff, and particularly one with pro se status, broad discretion in framing his claims for relief. Haines v. Kerner, 404 U.S. 519, 520 (1972). Accordingly, the court must hold a pro se complaint to a less stringent standard than formal pleadings drafted by trained legal counsel. Id.

Defendants argue plaintiff's amended complaint is difficult to follow; it is unclear what

allegations are asserted against which defendants, in that plaintiff incorporates all other paragraphs of the amended complaint into each purported separate count; and it is unclear why many of the statements, such as those referring to denial of promotions that occurred in 2012, are included. (DE 36 at 3). Defendants also argue that it is difficult for defendants to draft a rationale and effective answer and "it is not reasonable to require Defendants to sift through 55 pages of mostly incomprehensible material in an effort to speculate about the potential causes of action Plaintiff is attempting to assert," also arguing that the amended complaint "ignores this Court's clear direction for Plaintiff to draft his amended complaint in deference to the Court's order on Defendants' Motion to Dismiss." (Id. at 3-4).

The court has reviewed plaintiff's September 20, 2018 amended complaint and October 17, 2018 "more definite statement." Defendant has alleged nine "claim[s] for relief," each pursuant to 42 U.S.C. § 1981, specifying within the caption of each claim which defendant that particular claim applies, notwithstanding plaintiff's incorporation of all paragraphs into each claim, and providing the factual basis for each claim following the caption.[1]

It does not appear that plaintiff fully deferred to the court's order issued on August 29, 2018, for example including claims and allegations in the amended complaint the court has held to be time barred, and neither plaintiff's claims nor factual allegations are a model of clarity. However, it appears defendants have sufficient notice of plaintiff's claims and enough information to answer the

---

[1] More specifically, plaintiff has alleged the following claims: 1) retaliation in violation of the First Amendment and false imprisonment; 2) wrongful termination, altering documents, fabricating, and perjury in violation of the Fifth and Fourteenth Amendments; 3) conspiracy to prevent plaintiff's promotion in violation of the Fifth and Fourteenth Amendments; 4) work evaluation not in conformity with policy as well as continued use of said evaluation; 5) conspiracy by altering evidence in violation of the Fifth and Fourteenth Amendments as well as the Racketeer Influenced and Corrupt Organizations Act; 6 and 7) biased investigations in violation of the First, Fifth, and Fourteenth Amendments; 8) conspiracy to frame plaintiff in violation of the First, Fourth, Fifth, and Fourteenth Amendments; and 9) deliberately indifferent policies, practices, customs, training, supervision in violation of the First, Fourth, and Fourteenth Amendments. (See DE 41).

amended operative complaint, which the court construes to be plaintiff's filing on October 17, 2018. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (recognizing that "[i]f a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)"). Indeed, plaintiff's original complaint and October 17, 2018 filing significantly overlap in facts alleged and claims asserted, the former of which defendants were able to sufficiently parse in order to file, and be granted, defendants' motion to dismiss.

As stated by the Fourth Circuit,

> [W]hen the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules. Prompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial.

Hodgson, 482 F.2d at 824. The Federal Rules of Civil Procedure do not require that a pleading allege any "facts," and the rules set out discovery procedures to ascertain relevant information. Here, the court finds the amended complaint neither so vague nor so ambiguous that defendants cannot reasonably be required to answer.

## CONCLUSION

Based on the foregoing, defendants' motion for more definite statement is DENIED. Defendants' motion for clarification is DENIED as MOOT. The clerk is DIRECTED to designate plaintiff's filing on October 17, 2018, at DE 41, plaintiff's second amended complaint, which the court determines to be the operative complaint. Defendants will file any answer to amended complaint no later than December 31, 2018.

SO ORDERED, this the 10th day of December 2018.

_____
LOUISE W. FLANAGAN
United States District Judge